F I L E D
United States Court of Appeals
Tenth Circuit

FEB 4 2005

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BENSON HILL,

      Plaintiff-Appellant,

v.

STONE & WEBSTER, INC.; THE
SHAW GROUP, INC.,

      Defendants-Appellees.

No. 04-1102
(D.C. No. 02-M-838 (BNB))
(D. Colo.)

ORDER AND JUDGMENT   *

Before **BRISCOE**, **ANDERSON**, and **MURPHY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Benson Hill appeals the district court's dismissal of his complaint against Stone & Webster, Inc. and The Shaw Group, Inc. alleging discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., and breach of contract. Hill alleges that the district court erred because it failed to consider the evidence in the light most favorable to him on his ADEA claim. Hill also argues that the district court erred in its disposition of his ancillary contract claim. We review the district court's grant of summary judgment de novo, applying the same standard as the district court. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

Hill had been working for Stone & Webster Engineering as a site manager at their Rocky Flats Project. In November 1999, after the project was completed, he returned to the Denver corporate office. This assignment was meant to be temporary because he was a site manager and was expected to be working out on a job site, not in the corporate office. Another site manager, Sam Scucci, was also temporarily assigned to the Denver office. In February 2000, the Construction Manager resigned and Hill and Scucci began jointly performing those duties. Stone & Webster Engineering went into bankruptcy in May 2000. The name and assets were sold to The Shaw Group, Inc., which formed Stone & Webster, Inc. Because of the financial problems, no one was appointed as

Construction Manager, so Hill and Scucci continued to jointly perform those duties until September 2000. At that point, Scucci was appointed as Construction Manager. Through the remainder of 2000, Hill continued to perform some of the functions of Construction Manager, despite the fact that Scucci had been officially named to that position.

At the end of the year, Stone & Webster told Scucci that Hill could not remain in the Denver office because the budget did not allow for two salaries to be dedicated to the functions of Construction Manager. Scucci tried to find a position for Hill, but there were no available field positions in the Engineering Division. Scucci then contacted other divisions in the company to look for a position for Hill, but he was unable to locate any openings. In mid-January 2001, Stone & Webster notified Hill that there was no open location for him to be a site manager and that he would be laid off effective February 14, 2001. Hill's last day of work was January 31, 2001.

In mid-February 2001, Joe Vozzella, manager of the Nuclear Division at Stone & Webster, contacted Hill. The details of this conversation are disputed. Defendants allege that Vozzella offered Hill a job as a site manager in the Nuclear Division. Hill claims that although Vozzella indicated he had several positions available, he did not offer him a position because Hill had told Vozzella that he was going to pursue legal action against the company. Hill alleges that

Vozzella told him to call if he ever got his legal issues resolved. Because Hill did not resolve his legal issues, he never contacted Vozzella. Hill was 51 years old at the time he was laid off.

Hill filed a complaint against Stone & Webster, Inc. and The Shaw Group, Inc. (collectively "Defendants") alleging discrimination under the ADEA. Defendants moved for summary judgment and the district court granted the motion. It is not clear from the district court's order whether its holding is based on Hill's failure to establish a prima facie case or whether it is based on Hill's failure to demonstrate pretext. For our review, we will assume that Hill has established a prima facie case of discrimination.

A plaintiff can prove an age discrimination claim by presenting either direct or indirect evidence of discrimination. *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). Because Hill did not present any direct evidence of discrimination, we analyze his claim using the McDonnell-Douglas burden shifting analysis. *Id.* at 1137. Under this framework, the plaintiff has the burden to establish a prima facie case of discrimination. If the plaintiff meets this burden, then the defendant must articulate a legitimate non-discriminatory reason for the action. If the defendant makes this showing, the burden shifts again and the plaintiff must show that the defendant's proffered reasons are pretextual. *Sanchez v. Denver Public Schools,* 164 F.3d 527, 531 (10th Cir. 1998).

For Hill to prevail on his ADEA claim, he must show that age was a determining factor in the employment decision. *See Greene v. Safeway Stores*, Inc., 98 F.3d 554, 557 (10th Cir. 1996). In the district court, it appears as though Hill was making two separate allegations of discrimination. First, Hill argued that naming Scucci to Construction Manager, instead of Hill, was discriminatory because Scucci was younger (he was 46 at the time). App. at 166-67. Second, Hill argued that after he was laid off his duties were assumed by two younger individuals. *Id.* at 167-68.

On appeal, Hill focuses his discrimination argument on his lay off, apparently abandoning any claim of discrimination at having not been named Construction Manager. Aplt. Br. at 4-6. In addition, Hill now argues that he was replaced by one person, not two. *Id.* at 5. The crux of Hill's appellate argument is that the district court erred in failing to consider the evidence in the light most favorable to him. Specifically, Hill contends that he presented sufficient evidence that the explanation for his lay off was pretextual.

Defendants' legitimate non-discriminatory reason for Hill's lay off is that there were no available site manager positions in the Engineering Division. Hill claims that this statement is pretextual. Hill argues that the fact that Vozzella contacted him two weeks after his lay off and indicated that there were positions

-5-

available for him demonstrates that Defendants' explanation that no work was available at the time of his lay off is not credible.

The record shows the following. There were no available field positions in the Engineering Division. App. at 19. Scucci contacted other divisions of the company to try to find a job for Hill. *Id.* Scucci spoke with Ralph Petrillo in the Construction Department in Boston and he left several messages for Joe Vozella in the Nuclear Division. *Id.* at 136. Petrillo did not know of any available projects in construction and Scucci never received a response from Vozella about positions in the Nuclear Division. *Id.* Because Scucci's inquiries did not reveal any open positions for Hill, Scucci proceeded with Hill's lay off. A few weeks later, Vozzella contacted Hill directly and indicated that he had an available position in the Nuclear Division. *Id.* at 72. The fact that Defendants had an available position for Hill two weeks after his lay off, but no available positions at the time of his lay off, does not give rise to an inference that Defendants' employment decision was pretextual and motivated by age. Rather, these facts tend to show that Defendants wanted to keep Hill as an employee, regardless of his age.

Hill's second argument is that the district court ignored relevant evidence that Hill was "personally aware of site manager work which was available at the time of his termination." Aplt. Br. at 4. It does not appear, however, that Hill

presented this argument to the district court. *See* App. 163-172. In general, we do not consider arguments that were not raised before the district court. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). Hill cites to his affidavit to support this argument, but the paragraphs that he cites do not contain evidence supporting his proposition. The paragraphs state: "While Sam Scucci and I both performed the Construction Manager job duties once performed by Bob Hooper, we each also continued to perform our site manager job duties at Rocky Flats" and "When my employment was terminated, not only were the Cordova and Centralia projects on-going, but we also had work on the Black Dog project, the St. Louis Airport project, multiple environmental projects, along with several smaller construction projects." App. at 174-75 ¶¶ 6, 8. Hill did use the second statement in his affidavit to argue before the district court that he knew of seven on-going projects when the Defendants' claimed that there were only two projects. Hill did not state, though, that he had personal knowledge that site manager positions were available on those projects. And, in his response to Defendants' motion for summary judgment, he did not dispute Defendants' statement that "[t]here were no field positions in the engineering division available to Plaintiff." *Id.* at 19.

Finally, Hill argues that he presented evidence that within a few months of his lay off, a substantially younger man was hired to perform duties for which Hill

was qualified.  This argument fails because Hill has no record evidence to support his statement that this person was "substantially younger" or that he was performing duties for which Hill was qualified.  Hill's appellate brief incorporates by reference his response to motion for summary judgment without any further explanation.  Aplt. Br. at 5.  Hill's response to summary judgment simply states:  "In addition, a few months later, David Jacobs was hired as construction manager" and "Mr. Jacobs is substantially younger than the Plaintiff."  App. at 168.  Further, the Defendants explained that Jacobs was employed by Shaw Constructors, Inc. (a different subsidiary of The Shaw Group), and that he handled non-union construction work.     *Id.* at 142.  Jacobs was never employed by Stone & Webster and there is no evidence to show that Jacobs replaced Hill or assumed any duties formerly performed by Hill.

Hill did not meet his burden of establishing that Defendants' non-discriminatory reason for laying him off was pretextual.  The district court was correct in its determination that "plaintiff has failed to show the existence of any evidence that would warrant an inference of discriminatory treatment in the termination of his employment."  App. at 194.

Hill also brought a claim for breach of contract against the Defendants.  He alleges that he is entitled to be paid $62,000 in relocation expenses to return to his original point of hire.  Defendants argue that no relocation expenses are owed

for several reasons. First, the employee actually has to relocate and then submit an accounting of the expenses. The policy provides "[i]n order to be reimbursed, the employee must relocate and submit an expense account within six (6) months." App. at 158. Hill did not relocate after he was laid off, he continued to live in Denver. The second problem is that Hill was then paid relocation expenses by his new employer, Earth Tech. The policy provides that "[n]o reimbursement for relocation expenses will be made to an employee who has accepted employment with another organization offering relocation." *Id.* Finally, the policy only applies to field employees and was intended to cover relocation expenses to and from field sites. *Id.* at 157-58. When Hill relocated to the Rocky Flats site, he was paid $38,000 in relocation expenses. When that project ended he was assigned to the corporate office in Denver and he was not paid any relocation expenses. The district court correctly determined that Hill did not produce sufficient evidence to create a triable issue of fact on his entitlement to relocation expenses.

The judgment of the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge